THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | Case No. 2:09CR00289 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | | MEMORANDUM DECISION |
| RULON KODY SOMMERVILLE, | ) | AND ORDER |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, who is alleged to have been involved in trafficking of illegally obtained Native American cultural artifacts, was indicted by a grand jury for violations of the Archeological Resources Protection Act ("ARPA"), 16 U.S.C. § 470ee[1], and Theft of Government Property, 18 U.S.C. § 641. He has moved the Court (Doc. 42 & 44) to instruct the jury with respect to issues of knowledge and intent or, as alternatives, to

---

[1] Defendant is charged with having violated 16 U.S.C. § 470ee(b) which provides:
> No person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of
> (1) the prohibition contained in subsection (a) of this section, or
> (2) any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law.

dismiss the indictment because of defects in the grand jury presentation, or declare the ARPA statute unconstitutional.

Specifically, Defendant asserts that the "mens rea" element of § 470ee[2] "requires the government to prove that persons charged under the statute knew that the objects to be sold were, in fact, illegally obtained under § 470ee." Mot. at 1. Defendant "requests a jury instruction that requires the government to prove beyond a reasonable doubt that [he] actually knew that the artifacts he is accused of selling or seeking to sell were 'archaeological resources' as defined under 16 U.S.C. §470ee",[3] Mem. Supp. at 1-2., that he "knew that the artifacts were protected", *id*. at 5, "by law". *id*. at 7, and that he knew that the artifacts he possessed were covered by ARPA." *Id*. at 8.

In response, the United States "agrees that the jury would need to be instructed that defendant acted knowingly in order to establish a violation under ARPA". Opp'n at 3. But "the United States takes the position that the government need not prove defendant had specific knowledge that his conduct violated ARPA.

---

[2] 16 U.S.C. § 470ee(d) provides in part:
Any person who knowingly violates, or counsels, procures, solicits, or employs any other person to violate, any prohibition contained in subsection (a),(b), or (c) of this section shall, upon conviction, be fined not more than $10,000 or imprisoned not more than one year, or both: ...

[3] Later in his Memorandum, Defendant characterizes his request as one for "a jury instruction that requires the government to prove beyond a reasonable doubt that he knew that the artifacts he possessed were covered by ARPA". Mem. Supp. at 8.

Rather, a conviction may be sustained if the jury finds that defendant knowingly sold an archaeological resource, and that the archeological resource was excavated or removed from public lands owned and administered by the United States." Opp'n at 9-10.

The United States maintains that "[i]t is clear from the indictment and the applicable case law that the government must prove that [Defendant] knew the items were stolen and that they were archeological resources". *Id*. at 6. But, it asserts that "the government need not prove from whom the artifacts were stolen, nor that [Defendant's] conduct was a violation of ARPA or any other specific statute of the Untied States." Opp'n at 6.

The Government's position is consistent with the reasoning of *United States v. Quarrell*, 310 F.3d 664, 674 (10th Cir. 2002) (ARPA section prohibiting unauthorized excavation of archaeological resources from public land, 16 U.S.C. § 470ee(a), did not require that defendants knew they were excavating on public lands). The underlying rationale, in part, of *Quarrell* was that going uninvited upon the land of another, whether public or private, to dig and look for valuable objects could not be considered an innocent act or free from regulation, and therefore, it was not a situation where otherwise innocent conduct was being criminalized. *Id*. at 672. Similarly, as alleged here, dealing in stolen archeological resources, whether or not knowingly in violation of the ARPA, can not be viewed as an innocent act, otherwise being criminalized. *See also, United*

*States v. Lynch*, 233 F.3d 1139, 1141 (9th Cir. 2000)(agreeing "that ARPA's use of 'knowingly' rather than 'wilfully' reflects legislative intent that the statute not require a knowledge that one's actions are against the law"). *See also*, *id*. at 1145-46 (under "§ 470ee(a), the government must prove that a defendant knows or had reason to know that he was removing an 'archeological resource'"). The Court sees no reason why the same, that is knowledge that the artifact was an "archeological resource", should not be true for purposes of § 470ee(b).

In sum, and for purposes of the factual allegations presented here, the Court agrees with the Government that it need not prove that Defendant had specific knowledge that his conduct violated ARPA. It is enough if the jury finds that he was trafficking in a knowingly stolen "archaeological resource" as defined by ARPA, and that the stolen "archeological resource" was excavated or removed from public lands owned and administered by the Untied States.[4]

---

[4]*But cf. United States v. Gallegos*, No. 2007 CR 1166, p. 9 (D.N.M. May 30, 2008, (Memorandum Decision attached as Exhibit A to Mem. Supp.)(court required Government to prove that defendant knew, or should have known, that pots he was purchasing were removed from public lands in violation of ARPA where .  Otherwise "[t]o read the 'knowing' requirement out of the 'removed from public lands' element of 16 U.S.C. § 470ee(b) would, in the Court's opinion, criminalize a broad range of apparently innocent conduct").  Because the Government concedes that it must prove that Mr. Sommerville knew the items were stolen archeological resources, the specific facts of this case distinguish it from *Gallegos*.

Defendant's other two positions, that the government failed to establish a crime before the grand jury and in the indictment, and that the absence of a knowledge requirement renders § 470ee an unconstitutional strict liability offense, are rejected as either moot, or without merit.

For the reasons stated, as well as those set forth by the United States in its opposition memorandum, Defendant's Motion (Doc. 42 & 44) is denied. At the close of evidence at trial, the Court will revisit further requests by Defendant for specific jury instructions.

IT IS SO ORDERED.

DATED this 22nd day of July, 2010.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT